**FILED**

United States Bankruptcy Court

UNITED STATES DISTRICT COURT
ALBUQUERQUE. NEW MEXICO

**District of New Mexico**

OCT 2 7 2005

**Document Verification**

MATTHEW J. DYKMAN

CLERK

| | |
|---|---|
| Case Title: | Daniel William Cook, et al. v. Garrett Capital, et al. |
| Case Number: | 04-01240 |
| Chapter: | |
| Judge Code: | JSS |
| First Meeting Location: | |
| Reference Number: | 04-01240 - JSS |

05 MC 42 BB

| Document Information | |
|---|---|
| Number: | 0 |
| Description: | Findings of Fact and Conclusions of Law on Defendant Wells Fargo Bank; N.A.'s Motion to Abstain |
| Size: | 13 pages (30k) |

| Date Received: | Date Filed: | Date Entered On Docket: |
|---|---|---|
| 10/19/2005 | 10/19/2005 | |

| Court Digital Signature |
|---|
| 57 5d de d2 37 2f 81 0b e7 6e 61 5b 3b ec 4d e1 26 5e 3b f3 88 44 c5 a8 85 0a 4f 90 72 ad 82 0c 0e 53 68 e7 e9 c2 33 2a f4 15 cf 47 bf d7 7c d9 ab f4 78 02 e6 7f a8 3f e4 d1 23 ca 85 fa e6 ae cb fd b1 61 4b 70 76 c2 a3 53 73 f2 4b 3e 08 06 79 b2 2b 90 b7 1a 24 1b 3f 04 da ee fd 97 ba 0c 73 a2 f3 e3 54 3d e2 55 50 16 4c 33 22 50 71 77 eb 05 25 d5 28 cb cc 3c 83 74 e7 be 2e bd 29 97 |

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document show and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of October 19, 2005. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal.

Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.



FILED

THE UNITED STATES BANKRUPTCY COURT STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICOUQUERQUE, NEW MEXICO

In re:                                           OCT 2 7 2005
DANIEL WILLIAM COOK
YOLANDA TERESA COOK,
        Debtors                          No. MATTHEW J. DYKMAN
                                                CLERK

DANIEL WILLIAM COOK
YOLANDA TERESA COOK,
        Plaintiffs,
v.                                       Adv. No. 04-1240 S
GARRETT CAPITAL, SCOTT GARRETT,
CATHERINE F. DAVIS individually,
HUNT & DAVIS, P.C.,
WELLS FARGO BANK, N.A.,                   05 mc 42 BB
        Defendants.

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON
DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO ABSTAIN**

This matter is before the Court on Defendant Wells Fargo

Bank, N.A.'s ("Wells Fargo") Motion to Abstain (doc 15).

Plaintiffs Daniel W. Cook and Yolanda T. Cook ("Cooks" or

"Debtors"), proceeding pro se, filed an objection to the

abstention motion ("Objection") (docs 23, 25). Wells Fargo filed

a reply (doc 41). See also docs 28, 47, 48, 56 and 57. The

Court recommends that the motion be granted.[1]

**PROPOSED FINDINGS OF FACT**

_____

    [1] Catherine F. Davis and Hunt & Davis, P.C. have moved to
dismiss this adversary proceeding on the grounds of attorney
privilege, the Cooks are allegedly not the real parties in
interest to pursue the claims, and lack of subject matter
jurisdiction (doc 19). Garrett Capital and Scott Garrett have
also moved to dismiss based on assertions that neither they nor
the Cooks are real parties in interest and lack of subject matter
jurisdiction (doc 20). Given the proposed disposition of
abstention, the Court need not address the merits of those
motions.

The Cooks are debtors under Chapter 11 of the Bankruptcy Code. They "are the majority shareholders . . . of Hydroscope Group, Inc., a Nevada corporation which is a holding company owning 100% of all outstanding shares of Hydroscope Inc. USA (hereinafter "HUSA"), a New Mexico corporation, with HUSA owning 100% of all outstanding shares of Hydroscope Inc. Canada (hereinafter "HCAN"), an Alberta, Canada corporation." Complaint at ¶3 (doc 1).[2] None of the above named corporate entities are debtors in the Bankruptcy Court. The Complaint alleges that Wells Fargo and the other defendants have harmed these corporate entities, and in so doing have directly and indirectly harmed the Cooks, both as "Debtors in Possession, and [as shareholder] beneficiaries asserting the unenforced rights of" these corporate entities. Complaint at ¶10.

Cooks' Complaint merely states, without explanation, that this proceeding is "core to a Chapter 11 Plan for the Cooks." Complaint at ¶2. The Complaint has nine counts.

There is a pending state court action against Hydroscope, the Cooks and others seeking adjudication on the same issues. See Wells Fargo's Motion to Abstain, Ex. A (doc 15). There is no diversity of citizenship such to invoke federal jurisdiction.

**DISCUSSION**

---

[2] The identical allegation is made in ¶3 of the proposed First Amended Complaint (docs 59-63).

## I.    Bankruptcy Jurisdiction.

Federal courts are courts of limited jurisdiction, and
empowered to hear only those cases authorized and defined in the
Constitution and entrusted to them by Congress.  Henry v. Office
of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994).
Parties cannot waive lack of subject matter jurisdiction.  Id.
Federal courts are obligated to examine their own jurisdiction,
and subject matter jurisdiction can be raised at any time, by a
party or by the court sua sponte.  May v. Missouri Department of
Revenue (In re May), 251 B.R. 714, 719 (8th Cir. B.A.P. 2000).

Bankruptcy Court jurisdiction is established by 28 U.S.C. §
1334, which lists four types of matters over which the district
court has bankruptcy jurisdiction: 1) cases "under" title 11
(which are the bankruptcy cases themselves, initiated by the
filing of a Chapter 7, Chapter 11, etc. petition), 2) proceedings
"arising under" title 11, 3) proceedings "arising in" a case
under title 11, and 4) proceedings "related to" a case under
title 11.  Wood v. Wood (In re Wood), 825 F.2d 90, 92 (5th Cir.
1987).  In the District of New Mexico, all four types have been
referred to the bankruptcy court.  See 28 U.S.C. § 157(a);
Administrative Order, Misc. No. 84-0324 (D. N.M. March 19, 1992).
Jurisdiction is then further broken down by 28 U.S.C. § 157,
which grants full judicial power to bankruptcy courts over "core"
proceedings, but only limited judicial power over "related" or

"non-core" proceedings. <u>Wood</u>, 825 F.2d at 91; <u>Personette v.</u>
<u>Kennedy (In re Midgard Corporation)</u>, 204 B.R. 764, 771 (10th Cir.
B.A.P. 1997).

"Core" proceedings are matters "arising under" and "arising
in" cases under title 11. <u>Wood</u>, 825 F.2d at 96; <u>Midgard</u>, 204
B.R. at 771. Matters "arise under" title 11 if they involve a
cause of action created or determined by a statutory provision of
title 11. <u>Wood</u>, 825 F.2d at 96; <u>Midgard</u>, 204 B.R. at 771.
Matters "arise in" a bankruptcy if they concern the
administration of the bankruptcy case and have no existence
outside of the bankruptcy. <u>Wood</u>, 825 F.2d at 97; <u>Midgard</u>, 204
B.R. at 771.

"Non-core" proceedings are those that do not depend on the
bankruptcy laws for their existence and that could proceed in
another court even in the absence of bankruptcy. <u>Wood</u>, 825 F.2d
at 96; <u>Midgard</u>, 204 B.R. at 771. Bankruptcy courts have
jurisdiction over non-core proceedings if they are at least
"related to" a case under title 11. 28 U.S.C. § 157(c)(1)("A
bankruptcy judge may hear a proceeding that is not a core
proceeding but that is otherwise related to a case under title
11.")

> "[T]he test for determining whether a civil proceeding
> is related in bankruptcy is whether the outcome of that
> proceeding could conceivably have any effect on the
> estate being administered in bankruptcy." <u>Pacor, Inc.</u>
> <u>v. Higgins</u>, 743 F.2d 984, 994 (3rd Cir. 1984)(emphasis
> omitted.) Although the proceeding need not be against

Page -4-

the debtor or his property, the proceeding is related
to the bankruptcy if the outcome could alter the
debtor's rights, liabilities, options, or freedom of
action in any way, thereby impacting on the handling
and administration of the estate.  Id.  [T]he
bankruptcy court lacks related jurisdiction to resolve
controversies between third party creditors which do
not involve the debtor or his property unless the court
cannot complete administrative duties without resolving
the controversy.  In re Shirley Duke Assocs., 611 F.2d
15, 18 (2nd Cir. 1979).

Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518

(10th Cir. 1990).

Here, the Cooks offer no more than conclusory statements

asserting that the issues in this adversary proceeding are core.

The Court finds that the issues in this adversary proceeding are

non-core.  They do not "arise under" Title 11 because they do not

involve a cause of action created or determined by a statutory

provision of Title 11.  Wood, 825 F.2d at 96; Midgard, 204 B.R.

at 771.  Nor do they "arise in" this  bankruptcy because they do

not concern the administration of the bankruptcy case and they

have an existence outside of the bankruptcy.  Wood, 825 F.2d at

97; Midgard, 204 B.R. at 771.  The issues in this adversary

proceeding are related to the bankruptcy case because the outcome

may have an effect on the bankruptcy case.  Gardner, 913 F.2d at

1518.

While "[a] bankruptcy judge may hear a proceeding that is

not a core proceeding but that is otherwise related to a case

under title 11", 28 U.S.C. § 157(c)(1), bankruptcy judges do not

enter final orders of judgments in non-core proceedings unless

all parties consent otherwise.  28 U.S.C. § 157(c)(2).  Rather

they submit proposed findings of fact and conclusions of law to

the United States District Court, which enters final orders and

judgments after de novo review.  28 U.S.C. § 157(c)(1); Federal

Bankruptcy Rules 9033.[3]  See also Orion Pictures Corp. v.

Showtime Networks, Inc (In re Orion Pictures Corp.), 4 F.3d 1095,

1100-01 (2nd Cir. 1993) (discussing Section 157's classification

scheme).

     Here, Wells Fargo explicitly "does not consent to the Court

entering judgment in this non-core proceeding."  Motion to

Abstain at 22.

## II.  Abstention

     In the bankruptcy context abstention is governed by 28

U.S.C. § 1334(c), which provides:

> (c)(1) Nothing in this section prevents a district
> court in the interests of justice, or in the interest
> of comity with State courts or respect for State law,
> from abstaining from hearing a particular proceeding
> arising under title 11 or arising in or related to a
> case under title 11.
> (2) Upon timely motion of a party in a proceeding based
> upon a State law claim or State law cause of action,
> related to a case under title 11 but not arising under
> title 11 or arising in a case under title 11, with
> respect to which an action could not have been
> commenced in a court of the United States absent

------

[3]Pursuant to Federal Bankruptcy Rule 9033(b), parties must
serve and file written objections to these Proposed Findings of
Fact and Conclusions of Law within ten (10) days after being
served with this document.

jurisdiction under this section, the district court
shall abstain from hearing such proceeding if an action
is commenced, and can be timely adjudicated, in a State
forum of appropriate jurisdiction.

In <u>Oakwood Acceptance Corp. v. Tsinigini (In re Oakwood
Acceptance Corp.)</u>, 308 B.R. 81, 86 (Bankr. D. N.M. 2004), Judge
McFeeley stated:

> The Tenth Circuit Bankruptcy Appellate Panel has held
> that if a bankruptcy court has only "related to"
> jurisdiction over the removed proceeding, the
> bankruptcy court must remand if it is required to
> abstain under 28 U.S.C. § 1334(c)(2)(the mandatory
> abstention provision.) <u>Personette v. Kennedy (In re
> Midgard Corp.)</u>, 204 B.R. 764, 775 (10th Cir. BAP
> 1997)(finding that if abstention is required under §
> 1334(c)(2), a court should remand to state court.)

Although this adversary proceeding has not been removed from the
state court, by analogy the Court can leave the parties to
litigate the issues in state court should the Court determine
that it must abstain.

In its Motion to Abstain, Wells Fargo argues that the Cooks
are not the real parties in this action because the alleged harms
recited in the Complaint are to the corporate entities, with the
alleged harms to the Cooks arising only because they are
shareholders in these corporate entities.  "The Cooks in their
individual capacities are not the real parties in interest.  The
claims belong to Hydroscope; the claims could only be brought by
the Cooks in an appropriate stockholder derivative action."
Motion to Abstain at 10.  In their objection, the Cooks assert
that they are indeed the real parties in interest because Debtor

Daniel Cook is the "only employee of Hydroscope attempting to get the IP [Intellectual Property] into market", Objection at 14; the Cook's financial future is dependant on that the Hydroscope, id. at 15; Hydroscope lacks the resources to bring this action, id.; and the Cooks have purchased "all right title and interest in any and all current and future claims" Hydroscope may have against Defendants, id. at 16. In its reply to the Cook's objection, Wells Fargo disputes the validity of this transfer from Hydroscope to the Cooks. This question of whether or not the Cooks have standing to bring this cause of action is a matter of state law, and is best adjudicated by the state court.[4]

## PROPOSED CONCLUSIONS OF LAW

This adversary proceeding is a non-core matter only 'related to' the Debtors' bankruptcy. There is a lawsuit concerning the same issues pending in the state court, which has appropriate jurisdiction, and which can be timely adjudicated. There is no federal jurisdiction except under 28 U.S.C. § 1334(b). The Bankruptcy Court should abstain from this adversary proceeding.

In their Objection, Cooks suggest that due to the importance of this removed case to the overall bankruptcy case, the Court should retain jurisdiction and not order abstention. While this

---

[4]In addition, to the extent the causes of action do belong to the corporations, the Bankruptcy Court has no jurisdiction; because the corporations are not debtors, the substance of the lawsuit would be an action by a non-debtor against third parties and not even, or at most barely, "related to" the Cook's case.

Page -8-

argument has a certain appeal, it cannot be sustained.  Section

1334(c)(2), also called the "mandatory abstention" provision,

requires abstention if the listed factors are met.  The

importance of the case to the Debtors is simply not a relevant

factor.

Were it the case that mandatory abstention is not

required, permissive abstention would be appropriate based on

various factors.  Republic Reader's Service, Inc. v. Magazine

Service Bureau, Inc., 81 B.R. 422 (Bankr. S.D. Texas 1987).

Relevant factors considered by that court were:

> (1) the effect or lack thereof on the efficient
> administration of the estate if a Court recommends
> abstention, (2) the extent to which state law issues
> predominate over bankruptcy issues, (3) the difficulty
> or unsettled nature of the applicable state law, (4)
> the presence of a related proceeding commenced in state
> court or other nonbankruptcy court, (5) the
> jurisdictional basis, if any, other than 28 U.S.C. §
> 1334, (6) the degree of relatedness or remoteness of
> the proceeding to the main bankruptcy case, (7) the
> substance rather than form of an asserted "core"
> proceeding, (8) the feasibility of severing state law
> claims from core bankruptcy matters to allow judgments
> to be entered in state court with enforcement left to
> the bankruptcy court, (9) the burden on [the bankruptcy
> court's] docket, (10) the likelihood that the
> commencement of the proceeding in bankruptcy court
> involves forum shopping by one of the parties, (11) the
> existence of a right to a jury trial, and (12) the
> presence in the proceeding of nondebtor parties.

Id. at 429.

The Court will apply these twelve factors.  The issues of

the Complaint may or may not be central to the ultimate

resolution of the underlying chapter 11 case; there are pending

Wells Fargo's motions to convert the case (doc 146 in case no.
11-04-17704) and to appoint a trustee (doc 96 in case no. 11-04-
17704) for the case, which are not dependent at all on the
outcome of this adversary proceeding. On the other hand, if both
those motions are denied (they are set for trial on November 16,
2005), the estate will need an adjudication of its rights as to
the other parties and concerning the various property rights.
Cooks have demanded a jury trial in the adversary proceeding.
Doc 22. That may require a trial conducted by the United States
District Court, since only the Debtors have agreed to have this
Court conduct the jury trial. Unfortunately, it appears no more
likely that the United States District Court would be able to try
and decide the adversary proceeding issues sooner than would the
state court.

State law issues clearly predominate; there are no core or
even non-core bankruptcy issues. There appear to be little
difficult or unsettled state court issues. There is already a
state court proceeding in process, which includes a number of
additional parties such that the state court can accord all the
parties more complete relief than can this Court. Other than §
1334, there is no jurisdictional basis for the adversary
proceeding. The resolution of the adversary proceeding would
certainly determine whether the estate's plan of reorganization
is confirmable, which fact argues against abstention. As already

Page -10-

noted, the adversary proceeding has no counts that constitute
core proceedings. Allowing the state court to adjudicate all the
issues before it, or that could be brought before it (including
any defense by Ms. Davis and her firm of attorney privilege based
on <u>Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.</u>, 106 N.M.
757, 750 P.2d 118 (1988) or <u>Romero v. Prince</u>, 85 N.M. 474, 513
P.2d 717 (Ct. App. 1973)), avoids the problems of severance. On
the other hand, it would be easy enough for the state court to
render a judgment and have that result incorporated into the
bankruptcy proceedings. As suggested above, this Court's docket
is fairly crowded, and almost certain to get far worse, given the
demands of the Bankruptcy Abuse Prevention and Consumer
Protection Act of 2005 for rapid hearings and immediate
decisions, and more of them.[5] There is no indication that the
Cooks are impermissibly "forum shopping" by pursuing their
adversary proceeding,[6] another factor which militates against
abstention. As already noted, the Cooks have filed a jury demand

---

[5] Of course, given the enormous case loads carried by the
state district court judges of the Second Judicial District Court
in Bernalillo County, New Mexico, where the state court action is
pending, and taking into consideration that the twenty-three
judges of that district share two clerks among them, complaints
about heavy bankruptcy dockets verge on being a bit "wimpy".

[6] Of course, filing an adversary proceeding when there is a
pending state court action, or removing the state court action,
and opposing such actions, all constitute "forum shopping" by
definition, in the sense that one party or another is seeking to
obtain or retain a more advantageous forum.

(doc 22), which can more easily be accommodated by the state court. Finally, there are a number of parties in addition to the debtors who may have claims among themselves, and who are already present in the state court proceeding.

Except for those factors which are specifically noted otherwise, all the foregoing factors militate in favor of the case being tried by the state district court. Therefore, equitable abstention, to the extent it is applicable, dictates that the Court abstain from the adversary proceeding.

**SUMMARY OF RECOMMENDATIONS**

The Bankruptcy Court recommends that the United States District Court order abstention pursuant to 28 U.S.C. § 1334(c)(2) or, alternatively, pursuant to 28 U.S.C. § 1334(c)(1).

Honorable James S. Starzynski
United States Bankruptcy Judge

COPY TO:
Daniel William Cook
Yolanda T. Cook
5101 Eakes Road NW
Albuquerque, NM 87107

Jay D. Hertz
PO Box 1945
Albuquerque, NM 87103-1945

Julie J Vargas
PO Box 30088
Albuquerque, NM 87190

Daniel J. Behles
226-A Cynthia Loop NW
Albuquerque, NM 87117-1100

United States Trustee
P.O. Box 608
Albuquerque,  NM  87103

William R. Keleher
PO Box 2168
Albuquerque,  NM  87103 -2168

*Mary B. Anderson*