**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

In Re DANIEL WILLIAM COOK,
YOLANDA TERESA COOK,

       Debtors/Plaintiffs,

vs.                                                                                                             No. MC 05-0042 JB

GARRETT CAPITAL, SCOTT GARRETT,
CATHERINE F. DAVIS individually,
HUNT & DAVIS, P.C.,
WELLS FARGO BANK, N.A.,

       Defendants.

## **ORDER**

**THIS MATTER** comes before the Court on (i) Transfer of Interest Substitution, Entry of Appearance and Motion for Sanctions and Damages Against Wells Fargo Bank, N.A. for Willful Violations of the Automatic Stay, filed July 17, 2009 (Doc. 6); (ii) Transfer of Interest Substitution and Motion for Sanctions and Damages Against Scott Garrett, Pamela Garrett and the Garrett Trust for Willful Violations of the Automatic Stay, filed July 23, 2009 (Doc. 7); (iii) Cook's Motion to Dismiss Alternatively Strike "Wells Fargo's Response in Opposition to Cook's Amended 'Transfer of Interest Substitution, Entry of Appearance and Motion for Sanctions and Damages Against Wells Fargo Bank, N.A. for Willful Violations of the Automatic Stay' and 'Notice'" and Entry of Orders, filed August 19, 2009 (Doc. 14); (iv) Garrett Capital, Scott Garrett, Garrett Trust and Pamela Garrett's Motion for Leave to File Surreply to Cook's Reply and Amended Replies to Garrett's Response to Cook's Motion for Sanctions, filed September 15, 2009 (Doc. 24); (v) Wells Fargo's Verified Application for Preliminary and Permanent Injunction, filed October 13, 2009 (Doc. 31); and (vi) Cook's Motion for Additional Sanctions, This Time Under Rule 11, filed October 29, 2009

(Doc. 33). The Court held a hearing on December 1, 2009. The primary issues are (i) whether the Court should withdraw the referral to the Bankruptcy Court or, alternatively, (ii) whether the Court should refer the pending motions to the Bankruptcy Court. The Court does not dispute that it has coextensive subject-matter jurisdiction with the Bankruptcy Court in this case. For reasons stated on the record at the hearing, and for further reasons consistent with those already stated, the Court finds that there is no compelling justification for withdrawing this matter's previous referral to the Bankruptcy Court.

An administrative order entered March 19, 1992, by the United States District Court for the District of New Mexico states: "[A]ll cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the district to the extent permitted by law." Lester v. United States, No. 99-2170, 2000 U.S. App. LEXIS 3236, at **4-5 (10th Cir. Mar. 2, 2000)(quoting Admin. Order, Mar. 19, 1992, D.N.M.). In Lester v. United States, the United States Court of Appeals for the Tenth Circuit upheld the District of New Mexico's decision to dismiss plaintiff's claims regarding violation of an automatic stay because the matters "would be best disposed of by the [bankruptcy] court issuing the order and the stay." Lester v. United States, 2000 U.S. App. LEXIS 3236, at *4 (quoting Lester v. United States, Civ. No. 98-1212 JP/WWD, Memorandum Opinion and Order at 3 (D.N.M. Apr. 16, 1999)(Parker, J.)). The district court dismissed the claims with leave to refile in the bankruptcy court. See Lester v. United States, 2000 U.S. App. LEXIS 3236, at *5.

In this miscellaneous filing in the District Court, the Court previously ordered that the Bankruptcy Court should abstain from exercising jurisdiction over the adversary proceeding. See Order, filed March 19, 2009 (Doc. 5). Although the Court maintains concurrent jurisdiction with the Bankruptcy Court over the core proceedings before it, the Court finds that the pending motions

would be best addressed by the Honorable James S. Starzynski, United States Bankruptcy Judge for the District of New Mexico, who has been presiding over the bankruptcy proceedings in this matter. The Court, therefore, will specifically refer the six motions pending before the Court to Judge Starzynski, and will not withdraw the Court's previous referral to the Bankruptcy Court. The Court considers this miscellaneous filing in the District Court closed.

**IT IS ORDERED** that (i) the Transfer of Interest Substitution, Entry of Appearance and Motion for Sanctions and Damages Against Wells Fargo Bank, N.A. for Willful Violations of the Automatic Stay (Doc. 6); (ii) the Transfer of Interest Substitution and Motion for Sanctions and Damages Against Scott Garrett, Pamela Garrett and the Garrett Trust for Willful Violations of the Automatic Stay (Doc. 7); (iii) Cook's Motion to Dismiss Alternatively Strike "Wells Fargo's Response in Opposition to Cook's Amended 'Transfer of Interest Substitution, Entry of Appearance and Motion for Sanctions and Damages Against Wells Fargo Bank, N.A. for Willful Violations of the Automatic Stay' and 'Notice'" and Entry of Orders (Doc. 14); (iv) Garrett Capital, Scott Garrett, Garrett Trust and Pamela Garrett's Motion for Leave to File Surreply to Cook's Reply and Amended Replies to Garrett's Response to Cook's Motion for Sanctions (Doc. 24); (v) Wells Fargo's Verified Application for Preliminary and Permanent Injunction (Doc. 31); (vi) Cook's Motion for Additional Sanctions, This Time Under Rule 11 (Doc. 33); and (vii) any other pending motions in this miscellaneous filing in the District Court are referred to the United States Bankruptcy Court for the District of New Mexico.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Daniel William Cook
Yolanda Teresa Cook
Albuquerque, New Mexico

    *Plaintiffs Pro Se*

Catherine F. Davis
Julia J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Garrett Capital, Scott Garrett,*
      *Catherine F. Davis, and Hunt & Davis, P.C.*

-- and --

Jay D. Hertz
Sutin, Thayer & Browne
Albuquerque, New Mexico

    *Attorneys for the Defendant Wells Fargo Bank, N.A.*